No. 285

CHRISTMAN v. COLEMAN

No. 20327. Supreme Court

Error to Hocking Appeals. Dock. Feb. 11, 1927, 5 Abs. 105.

**1065. SCHOOLS & SCHOOL DISTRICTS—Can superintendent of schools be dismissed by virtue of Sec. 7701 GC?**

George W. Christman contends in the Supreme Court that by virtue of Sec. 7701 GC. he cannot be dismissed or discharged during term.

Attorneys—Ballard, Jones & Price and W. J. Ford for Christman; all of Columbus.

No. 286

HALL v. OLDFIELD TIRE CO.

No. 20339. Supreme Court

On motion to certify. Dock. 2-23-27, 5 Abs. 138.

**677. JUDGMENTS—Can individual partners be made parties to judgment when it was obtained against the partnership in a sister state?**

Several years ago the Oldfield Tire and Rubber Company obtained a money judgment in the State of Alabama against a partnership known as Buck-Hall Motor Company, the judgment running against the partnership in the firm name. A personal judgment was also obtained against Mr. Buck, and the action in Alabama dismissed as to Wilbur Hall, he being a resident and citizen of Ohio.

A suit was filed in Cuyahoga County asking that the Court here make Hall a party to the judgment of the Court in the State of Alabama, by virtue of Section 11651 GC. The Common Pleas Court and Court of Appeals have so decreed.

The contention before the Supreme Court is that there is no judgment in Ohio against the partnership and therefore the statute authorizing our Court to make individual partners parties to a judgment cannot be exercised in this case.

Attorneys—Louis Barnes for Hall; L. S. Sobel for Company; both of Cleveland.

Note—Motion to certify allowed, 5 Abs. 172.

No. 287

DeFORD, Excr. v. ROWE, et

No. 20357. Supreme Court

On motion to certify. Dock. 3-2-27, 5 Abs. 153.

**1271. WILLS—1. Where codicil is executed is this a republication of the will changing its date to that of the republication?**

**2. Where bequest is made to institution and within a year prior to testator's death, he executed a codicil, can an action in which the bequest is sued for be maintained?**

In February 1917, S. F. DeFord subscribed to Ottawa Lodge, No. 325, Free and Accepted Masons, $600 to be applied for the erection of a Masonic Temple which temple had not been begun and was not begun until some time subsequent to June 5, 1917. He paid $100 in April leaving the Lodge $500 as a bequest in his will, made on June 5, 1917. Later, but prior to his death, S. F. DeFord paid the full bal-

ance of $500, and on Sept. 7, 1917, executed a codicil. On March 2, 1922, S. F. DeFord died leaving issue of his body four children, named as residuary legatees in the will.

In November 1917, the Masonic Temple Co. became the owner of the fee of the lot upon which it erected the temple. The legatee lodge commenced the action originally in the Putnam Common Pleas before a final settlement of the estate of S. F. DeFord, deceased was made, and before any order of distribution by the Probate Court. The Common Pleas court found in favor of the lodge in the sum of $500 and the Court of Appeals affirmed the judgment. In the Supreme Court it is contended:—

1. That the codicil executed in December 1921, republished the will and redated it as of that date; and the testator having died n less than one year thereafter, leaving issue of his body the bequest sued for is void under 10504 GC.

2. That there was no equitable conversion provided for in the will for the payment of the legacy sued for.

3. That the payment by the testator, during his lifetime, to the Lodge of $500, constituted a satisfaction and discharge of the legacy.

4. That insufficient personal property was left for payment of legacies after payment of the testator's insecured debts.

5. That additional legatees who are not made parties and in the absence of settlement of the estate, if the judgment of the lower court should exhaust the estate, the other legatees would be deprived of their rights without having their day in court.

6. That the heirs are subrogated to the debts to the amount which the heirs have paid out of the issues and profits of the real estate.

Attorneys—John T. DeFord and George Fritz for Executor; A. H. Straman for Lodge; all of Ottawa.

Note—Motion to certify overruled, 5 Abs. 199.